■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON STEVENS, Appellant. [680 NYS2d 219] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered June 6, 1995, convicting defendant, upon his plea of guilty, of criminal

possession of a weapon in the third degree, and sentencing him to a term of 5 years probation, unanimously affirmed.

Defendant's suppression motion was properly denied. In the course of exercising his right to inquire and questioning defendant and his companions about a report, received moments before, of a heated dispute involving a firearm at a specified building, the officer encountered an escalating situation in which he reasonably perceived his safety was in jeopardy (*People v De Bour*, 40 NY2d 210, 221, 223). In an early morning encounter in a small enclosed vestibule, the request of four individuals to raise their hands was a reasonable and minimal intrusion where these individuals were observed by the police to be engaged in a dispute, appeared very nervous, claimed that one was a State Trooper (and presumably armed), and did not truthfully and forthrightly answer the officer's questions. The intrusion, which resulted in the officer's observation of a firearm, was extremely minimal and designed simply to insure the officer's safety (*see, People v Oeller*, 191 AD2d 355, 356, *affd* 82 NY2d 774). In any event, we find that the police action was based on reasonable suspicion that one or more of the group was armed and posed a threat to the officers. Concur—Milonas, J. P., Ellerin, Rubin, Tom and Saxe, JJ.